IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3068 |
| | ) | |
| v. | ) | |
| | ) | |
| MELANIE BERMUNEZ, | ) | TENTATIVE FINDINGS ON OBJECTIONS |
| | ) | TO PRESENTENCE INVESTIGATION |
| Defendant. | ) | REPORT |
| | ) | |

The defendant has objected to paragraphs 33, 38, and 52 of the Presentence Investigation Report.

As to paragraph 33, the defendant asserts that "no evidence exists that Defendant manufactured or produced any counterfeit obligation or possessed or had custody of or control over a counterfeiting device or materials used for counterfeiting and further that application of said sentencing guideline provisions provides an offense level in excess of that specifically agreed to by the Government and Defendant in the Plea Agreement."

The Probation Officer Response appearing in the Addendum of the Presentence Report says that, "The defendant admitted to authorities that she assisted Keating in copying and manufacturing counterfeit currency."  Therefore, the probation officer argues U.S.S.G. § 2B5.1(b)(2)(A) applies.

The Presentence Investigation Report at paragraph 32 fixes the base offense level at 9. The Plea Agreement at paragraph 10a says that the parties agree that the base offense level is level 9.  The question is whether there is to be an enhancement to a level 9 to a level 15 under U.S.S.G. § 2B5.1(b)(2)(A).   The guidelines suggest that there should be if the defendant "<u>manufactured or produced</u> any counterfeit obligation or security of the United States, or <u>possessed or had custody of or control over a counterfeiting devise or materials used for counterfeiting</u>." (Emphasis added).  The Plea Agreement does not touch the matter of enhancement, but is in terms of a <u>base</u> offense level.

The Presentence Investigation Report at paragraph 20, to which there has been no

objection, recites that Melanie Bermunez "indicated that she cooperated with Keating in copying and manufacturing counterfeit currency."  The transcript of Ms. Bermunez plea of guilty before the magistrate judge states at 17:12-14 that "Ms. Bermunez was arrested and indicated that she cooperated with Keating in copying and manufacturing counterfeit currency. . . ."  When the magistrate judge asked her whether she agreed that if the case were to go to trial that information would be presented to a jury, she answered "Yes."  (17:21).  "Cooperated" is not a passive verb.  In common usage its essence is acting or working with someone else toward a common end.  It seems to me that the government has carried its burden by the evidence that is already before me in showing that the enhancement is appropriate.  There has not been a request for an evidentiary hearing.  That seems to mean that the parties are relying upon me to make a finding based on what is before me.  I do tentatively find that the enhancement is applicable, but objection may be made to that tentative finding at the time of the sentencing.

As to paragraph 38, the transcript of the guilty plea shows that the United States "would agree that if the defendant is entitled to a two level reduction for acceptance of responsibility, the government would move for the additional one level under Section 3E1.1(b)."  It therefore is expected that if I conclude that a two-level reduction is warranted, the government counsel will make the motion for an additional point reduction.  Nonetheless, as the probation officer points out, paragraph 3E1.1(b) advises a decrease of offense level by 1 only if the level is 16 or greater before the two levels already assigned by (a) have been determined.  I tentatively find that the offense level is not 16 or more before the 2 levels of § 3E1.1(a) are determined.

In the absence of a request for an evidentiary hearing, I find that based upon the evidence before me the objections are tentatively overruled.  If a request for evidence is made at least 3 working days before the sentencing date it must comply with paragraph 6 (d) of the Order on Sentencing Schedule.

Dated April 14, 2009.

BY THE COURT

s/  Warren K. Urbom
United States Senior District Judge